BARKETT, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that we need not decide whether Dunn’s detention was permissible under Terry, since there was probable cause to arrest Dunn for discharging a weapon in public. Therefore, the district court did not err in denying Dunn’s motion to suppress. I also agree that Dunn’s Commerce Clause argument lacks merit. However, I believe that the trial court erred in concluding that a pretrial evidentiary hearing was required within the meaning of § 3161(h)(1)(F) to resolve issues of contention regarding Dunn’s guilt under § 922(g) and acceptance of responsibility under U.S.S.G. § 3E1.1. Because these were the specific reasons given by the district court for having the hearing, yet the record shows *1298 that these reasons were not supported by the actual facts of this case, I believe the judge erred in denying Dunn’s motion to dismiss on speedy trial grounds.
Dunn stipulated to each element necessary to convict him of violating § 922(g), namely, that “1) he possessed the rifle as alleged in the indictment; 2) the rifle was manufactured outside of the State of Georgia, and 3) he is a convicted felon,” when he filed his motion for a stipulated bench trial on July 27, 2001. Rl-31, at 2. Dunn further stipulated that “[a]side from the Fourth Amendment issue and the Commerce Clause issue, there are no disputed issues in this case.” Id. at 3.
On August 1, 2001, the government responded by stating that it did not oppose Dunn’s motion but “reserve[d] the right to present additional, albeit brief, evidence during a Bench Trial in order to make the record complete.” Rl-32 (emphasis supplied). The government also indicated that it “contested] the issue of Defendant’s ‘acceptance of responsibility,’ and reserve[d] the right to present its evidence and legal authority on [that] issue ... at ■Defendant’s sentencing.” Id. (emphasis supplied).
No further action was taken in this case until Dunn filed his motion to dismiss for pretrial delay on February 21, 2002-a period of almost six months, well beyond the 70-day limit imposed by the Speedy Trial Act. Thereafter, the government attempted to justify this delay on the grounds that there were “issues of contention” between the parties as to the evidence necessary to establish Dunn’s “guilt or innocence” and “to counter any claim of ‘acceptance of responsibility ” that required a pre-trial evidentiary hearing. See Rl-34, at 1-2. Relying on the government’s representation, the district court accepted this justification, holding that “because there [were] issues of contention as to the relevant evidence regarding Defendant’s guilt, and his claims of acceptance of responsibility, - an evidentiary hearing [was] required.” Rl-35, at 4.
However, the record indicates that there were no issues of contention as to the relevant evidence regarding Dunn’s guilt under § 922(g) that required an evidentia-ry hearing. In an August 6, 2001, letter that is attached as an exhibit to the government’s response to Dunn’s motion to dismiss for pretrial delay, Dunn’s attorney invited the Assistant U.S. Attorney handling Dunn’s case to draft a proposed stipulation regarding each element of § 922(g). See Rl-34, Ex. A. She also stated:
[I]n your response to Mr. Dunn’s motion [for a stipulated bench trial], you suggest that there is additional evidence that you would like to put up. As Mr. Dunn intends to stipulate to all three essential elements of the offense, I am not sure what other evidence would be relevant to his guilt of the charge. However, assuming that the evidence is accurate and correct, Mr. Dunn is still probably willing to stipulate to it, so as to unburden the government further at trial.
Id. On August 7, 2001, the Assistant U.S. Attorney replied by proposing three stipulations that were materially identical to the three stipulations Dunn had made in his motion for a stipulated bench trial and to the three joint stipulations of fact eventually submitted by the parties over nine months later. Compare Rl-34, Ex. B with Rl-31 and with Rl-36. The Assistant U.S. Attorney further explained that:
The only evidence that I can foresee introducing is the physical evidence seized, and which we can then substitute photos into the record for the actual items [sic]. I would do this only for the sake of completeness of the record and so that any appellate court would not he *1299 misguided, as to the type and style of the firearm in question.
Rl-34, Ex. B (emphasis supplied).
In sum, the government’s argument in its March 4, 2002, response to Dunn’s motion to dismiss for pretrial delay that “issues of contention” existed as to the evidence regarding Dunn’s “guilt” seems patently disingenuous. By the government’s own admission, the only additional evidence it wished to introduce at trial was evidence relating to the type and style of Dunn’s firearm; moreover, its sole purpose in doing so was “in order to make the record complete,” Rl-32 (emphasis supplied), that is, “for the sake of completeness of the record and so that any appellate court would not be misguided as to the type and style of the firearm in question.” Rl-34, Ex. B (emphasis supplied). Further, Dunn plainly was prepared to stipulate, and did in fact stipulate, to these facts about his weapon. In short, the government’s claim of “issues of contention” concerning Dunn’s “guilt or innocence” is not borne out by the facts.
Likewise, there appears to be no basis for the government’s argument that a pretrial evidentiary hearing was necessary to resolve “issues of contention as to the relevant evidence regarding ... [Dunn’s] claims of acceptance of responsibility”— this being an issue that is dependent upon a prior judgment of guilt and properly reserved for sentencing, as the government previously recognized. See Government’s Response to Defendant’s Motion for a Stipulated Bench Trial, Rl-32 (stating that the government “reserves the right to present its evidence and legal authority on the issue of acceptance of responsibility under U.S.S.G. § 3E1.1, at Defendant’s sentencing (provided Defendant is convicted of the alleged crimes)).” Again, the government’s post-hoc justification rings hollow.
As the government elsewhere concedes, the delay in Dunn’s case had little to do with any of the foregoing. Rather,
[t]he delay in this case resulted from the unusual motion for a stipulated bench trial, that was agreed upon by the Government, and the Court’s scheduling difficulties (which included time in around September 11, 2001[)]; the Court’s duties in the Newnan Division of the Northern District of Georgia; and the Court’s own absence for surgery.
Rl-34, at 6 (emphasis supplied).
In U.S. v. Grosz, 76 F.3d 1318 (5th Cir.1996), the Fifth Circuit recognized an important limitation on the principle that all the time between the filing of a pretrial motion that requires a hearing and the conclusion of the hearing at which it is addressed is excluded under § 3161(h)(1)(F). The Fifth Circuit acknowledged, as any reviewing court must, that the government may not manufacture a hearing in order to avoid operation of Speedy Trial Act. Id. at 1325, n. 7. Regrettably, a careful review of the record suggests that such a circumstance occurred here. Though I certainly agree with the majority that there may be good reasons for having a hearing on a motion for a stipulated bench trial, and that we should show deference to a trial court’s judgment that such a hearing is necessary, that is not the issue here. The question here is whether the judge’s actual reasons for holding a hearing should be countenanced as sufficient to overcome the defendant’s speedy trial rights. In fact, none of the reasons suggested by the majority for having a hearing were relied upon by the district court. Instead, the record is clear that the trial judge’s actual reasons for requiring a hearing that served as the basis for denying Dunn’s motion to dismiss were factually mistaken. Thus, I believe that in the specific circumstances of this *1300 case Dunn’s motion should have been granted. Cf., Grosz, 76 F.3d at 1325 n. 7 (“We acknowledge that we would not recognize the exchange as a ‘hearing’ if the record demonstrated an attempt on the part of ... the government to manufacture a ‘hearing’ to avoid the operation of the Speedy Trial Act.”). For these reasons, I respectfully dissent from Part II.B.l of the majority’s opinion in this case.